## City of Virginia v. Jasper Plummer.

65 419
77 667

1. VERDICTS—*Not to be Impeached by the Jurors.*—The statement of a juror is not competent for the purpose of impeaching his verdict, but is for the purpose of supporting it.

2. INSTRUCTIONS—*Making Negligence a Question of Law.*—An instruction which makes negligence a question of law is properly refused.

3. ORDINARY CARE—*A Question of Fact.*—Whether a person who falls while passing over an icy sidewalk is exercising ordinary care at the time, is a question of fact.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cass County; the Hon. LYMAN LACEY, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed June 6, 1896.

MORRISON & WORTHINGTON, attorneys for appellant.

CONNOLLY, MATHER & SNIGG, attorneys for appellee.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Main street of the city, running north and south, is crossed by Beardstown at the southeast corner of the public square. There was a butcher's shop at the southeast corner made by the intersection, and both the streets were there much used.

After a heavy snow fall about February 6, 1894, foot paths along the inner side of the sidewalks and crossings were cleared with a plow, so that at the outer corners made by their intersection the snow piles were left square, and eight or ten inches high, but were soon rounded by the people in turning them. Between the date mentioned and twentieth of the same month there were several lighter falls, covering the cleared path, from which it was shoveled upon or swept against the adjacent banks and more or less reduced its width. During that time the rounded corners settled, and from thawing on the surface by day and freezing at night became icy. However, there was kept on these walks a narrow path that was comparatively clear, so that a person going on either quite up to its intersection with the other and moving squarely, could go with safety; but if he put his foot anywhere upon the slope, was very liable to fall.

About eight o'clock in the morning of the day last mentioned, which was frosty, appellee, with a small dinner basket in his hand and wearing rubber boots, going from his home on the east side of Main to his son's restaurant on the south side of Beardstown west of Main, in turning this corner, did step on this slope and fall, breaking both the bones of his leg just above the ankle, one of which was " slivered." He was laid up for two months and has not been able to do much of anything since. The surgeon who attended him could not say whether in his opinion, from its condition and appearance in the following October and in view of his age, he would ever get well, but thought his ankle joint would always be stiff and he would be able to do only light work.

City of Virginia v. Plummer.

In this action for the damages so sustained, and charged to negligence of the city, he got a verdict for $3,000, but on motion for a new trial the court required him to remit $1,000; and on his compliance rendered judgment against the defendant for $2,000 and the costs, from which it prosecutes this appeal.

The errors assigned are the refusal to grant a new trial, the modification of one instruction asked for the defendant, and the limitation of the *remittitur* required to the amount stated; and the grounds for the motion for a new trial were that the modification of the instruction was improper, that the verdict was against the law and the evidence, that the damages were excessive, and that the juror Taylor was incompetent, and concealed the fact that made him so.

Of this alleged incompetency the only proof offered consisted of affidavits of counsel and others setting forth certain statements said to have been made by him after the verdict was returned.

A juror's statements are not competent to impeach a verdict in which he has joined: Sanitary District v. Culbertson, 147 Ill. 390, and cases there cited; and if they were, those here imputed were so satisfactorily explained and qualified by his counter affidavit, that counsel made no allusion to the point in their argument. We may therefore presume it is abandoned.

The instruction referred to, as asked, was like those held improper in Sandwich v. Dolan, 141 Ill. 435, and Village of Clayton v. Brooks, 150 Id. 97, making negligence a question of law, and was rightly modified. This point also is omitted from the argument, which is confined to the questions of negligence on the part of the city and due care on that of appellee.

There is no difficulty in the question of the city's negligence. The evidence abundantly shows that the place was a dangerous one and had been so for nearly, if not quite, a fortnight. It required the work of only a few minutes to make it safe. The authorities chargeable with the duty of attending to it, had actual notice of it in ample time before

the accident to do it.   The marshal was at the place on the preceding evening, but he only scooped out the water from the path, leaving the sloping side untouched.   On the part of the city itself, it is not only conceded, but charged to have been so plainly dangerous that the failure of appellee to observe and. avoid the danger must have been due to his own recklessness or gross heedlessness.   Contributory negligence is made the prominent ground of its defense.

We are not prepared to say that in our clear judgment, from the record, a preponderance of the evidence showed or tended to show that he exercised special care with reference to the particular danger.   Several of the witnesses saw him fall, and were near enough to have observed the manner in which he was walking if their attention had been called to it, but no one testified positively that he appeared or did not appear not to be using such care; from which it may be inferred that there was nothing in it that was particularly noticeable.   Though vigorous enough to be employed, as he was, at hard labor, he had reached an age at which men are not apt to be heedless of danger.   If there was any part of the walk free from ice or not dangerously knobby and slippery, the evidence tends to show it was quite narrow. Appellee says he was " right in the middle of the path," and yet admits that if he had kept on it two or three steps further, to its intersection with the like path on Beardstown street, and then turned squarely on it to the west, he might have escaped the fall.   But this may have been an afterthought, suggested by the fall rather than by the situation as seen or visible at the time.   It was apparent that others had cut the corner, as even careful persons are inclined to do, though to save only a few steps, rather than to make a square turn upon narrow paths.   Had it appeared that the latter would be the safer course, it would have suggested the need of some more care in pursuing the other, which would have been almost instinctively and certainly taken. Whether he did take it, and whether, in not pursuing a safer course, he failed to exercise due care for his own safety, were questions of fact, and as to the preponder-

ance of the evidence upon them, the jury and trial judge, who saw and heard the witnesses, may not have entertained nor had reason to entertain a serious doubt.

No complaint is made of any instruction for the plaintiff, and all that were asked for the defendant were given as asked, with the one exception noticed. They were commendably short, plain and few—four for plaintiff and eight for defendant, but fully enough for the case, and left no chance for confusion or uncertainty as to plaintiff's duty to himself, the limit of the city's obligation or the proof required to establish the liability. With the finding by the jury of the issues involved, sanctioned by the judge, it is not our province to interfere. The judgment will therefore be affirmed.