### City of Rockford v. Christina Rannie.

1. ERRORS—*Not Argued, Abandoned.*—Errors assigned but not argued must be considered as abandoned.

2. ORDINARY CARE—*What Is, etc.*—A woman on her way to her home with her daughter, who in passing along the sidewalk, started to go on one side of an accumulation of snow and ice, but found the snow too deep, and then stepped upon the mass of snow and ice in the middle of the walk, and fell, receiving the injuries complained of, can not be said to be guilty of negligence in attempting to pass along the walk, the condition of which she had not previously known.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of Winnebago County; the Hon. JOHN C. GARVER, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed September 26, 1898.

M. M. CORBETT, city attorney, for appellant; A. H. FROST of counsel.

C. O. CARBAUGH and ANDREWS & VAN TASSEL, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This is a suit brought by appellee against appellant to recover damages for injuries appellee claims she received

from falling upon a sidewalk upon the north side of Elm street in the city of Rockford. There was a trial by jury upon issues joined, and verdict and judgment for plaintiff for $750, from which judgment the city appeals. The assignments of error question the rulings of the court, but these are not argued and therefore waived. Appellee sustained a fracture of the right thigh bone, and she is left with a shortened leg; her heel lacks about two inches of coming to the floor when she stands erect; and she has not the same ability to use the leg as before the injury. It is assigned for error that the damages are excessive, but that assignment also is not argued. Appellant's only contention here is that under the law the facts proved do not give appellee a cause of action.

We find that the clear preponderance of the evidence is that a heavy snow fell in Rockford on January 23, 1897; that the city authorities soon thereafter ran a snow plow over this sidewalk; that at the point where appellee afterward fell the snow plow tilted or lifted over the snow upon the north side and swerved to one side, leaving snow on the north side of the walk about eighteen inches deep, and sloping down to three or five inches deep near the south side of the walk; that the top of this body of snow alternately thawed in the daytime by reason of its slope toward the sun, and froze at night by reason of the cold weather then prevailing; that it was trodden upon in the daytime enough so that it became rough and uneven; and that this condition continued for nearly a week before the injury without being remedied by the city. In the evening of January 30th, about a quarter after nine o'clock, appellee was on her way to her home with her daughter and passing along said walk. She started to go on the north side of this accumulation, but found the snow too deep, and then stepped upon it in the middle of the walk, and stepped upon this icy, rough mass of frozen snow and fell and received the injuries complained of. The city had had ample time to restore the walk to a proper condition for travel. We can not say appellee was guilty of negligence in attempting

to pass along this walk, the condition of which she had not known till that moment.  We think, under the facts stated, the recovery was proper.  City of Virginia v. Plummer, 65 Ill. App. 419.  The judgment will therefore be affirmed.